# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE, TENNESSEE

| | |
|---|---|
| TINA NORRIS, MELISSA BLEVINS and APRIL YARBER, surviving children and next kin of TERESA NORRIS; and APRIL YARBER Administrator of the Estate of TERESA NORRIS, <br><br> Plaintiffs, <br><br> vs. <br><br> MOUNTAIN STATES HEALTH ALLIANCE, d/b/a THE TRANSPLANT CENTER at JOHNSON CITY MEDICAL CENTER; BLUE RIDGE MEDICAL MANAGEMENT CORPORATION, d/b/a BLUE RIDGE SURGICAL ASSOCIATES; JOSEPH LEE, M.D.; and JON JONES, M.D., <br><br> Defendants. | Case No. _____ <br><br> JURY DEMANDED |

## COMPLAINT

1. Teresa Norris, deceased, was a citizen and resident of Smyth County, Virginia. She died at Johnson City Medical Center in Johnson City, Tennessee on November 12, 2011.

2. Plaintiffs, Tina Norris, Melissa Blevins and April Yarber are surviving children and next kin of Teresa Norris. April Yarber is also the administrator of the Estate of Teresa Norris.

3. Plaintiffs bring this action for the injuries and damages suffered by Teresa Norris during her lifetime and for her wrongful death caused by the negligence of the Defendants. Plaintiffs bring

this action for the benefit of themselves and/or the Estate of Teresa Norris and for the benefit of their brother, John Norris, surviving son of Teresa Norris.

4. Plaintiffs, Melissa Blevins and April Yarber, are citizens and residents of Virginia. Plaintiff Tina Norris, is a citizen and resident of Kentucky. John Norris is a citizen and resident of Virginia. The Estate of Teresa Norris is being administered in the State of Virginia.

5. Defendant Mountain States Health Alliance (hereinafter "MSHA") is a Tennessee corporation with its principal place of business in Johnson City, Tennessee. MSHA does business as and owns and operates Johnson City Medical Center, a hospital in Johnson City, Tennessee (hereinafter "JCMC"). MSHA is a resident of Tennessee.

6. MSHA formerly owned and/or operated The Transplant Center at Johnson City Medical Center (hereinafter "The Transplant Center").

7. The Transplant Center was located in Johnson City, Tennessee. It closed in 2011.

8. Defendant Blue Ridge Medical Management Corporation is a Tennessee corporation with its principal place of business located in Johnson City, Tennessee. This Defendant owns, operates or manages several medical practices including Blue Ridge Surgical Associates located in Johnson City, Tennessee. Blue Ridge Medical Management Corporation and Blue Ridge Surgical Associates are jointly referred to herein as "Blue Ridge". Blue Ridge is a resident of the State of Tennessee.

9. Defendant Joseph Lee, M.D. (hereinafter referred to as "Dr. Lee") is a medical doctor licensed to practice in the State of Tennessee who practices medicine in Johnson City, Tennessee. Plaintiffs aver that Dr. Lee is a citizen and resident of Tennessee.

10. Defendant Jon Jones, M.D. (hereinafter referred to as "Dr. Jones") is a medical doctor who formerly practiced medicine in Johnson City, Tennessee but is now practicing medicine in the State of New Jersey. Upon information and belief Plaintiffs aver that Dr. Jones is a citizen and resident of New Jersey.

11. There is diversity of citizenship in this case and this Court has jurisdiction pursuant to 28 U.S.C. §1332 (a). The amount in controversy exceeds $75,000.

12. This Court is the proper venue for this case pursuant to 28 U.S.C. §1391 (a).

13. Each of the Defendants in this case has been given timely notice of this healthcare liability action pursuant to the provisions of T.C.A. §29-26-121. Copies of the notice letters and proof of service are attached to this Complaint. Also attached are the Affidavits of Attorney John S. Bingham regarding the mailing and service of the notice letters.

14. This is a meritorious claim. A Certificate of Good Faith required by T.C.A. §29-26-122 is being filed simultaneously with this Complaint and is attached hereto.

15. Teresa Norris was a patient of The Transplant Center and Drs. Lee and Jones. On June 7, 2009 she had a kidney transplant performed by Dr. Jones at JCMC. After the transplant her follow-up medical care and treatment, including medication management, was primarily provided by The Transplant Center and its physicians, Dr. Lee and Dr. Jones.

16. In June, 2011, while under the care of The Transplant Center and Drs. Lee and Jones, Teresa Norris became extremely ill. She was taken to the emergency room at Smyth County Hospital in Marion, Virginia and was later transferred to JCMC on June 22, 2011. She was not discharged from JCMC until August 2, 2011 when she was transferred to Select Specialty Hospital in Bristol, Tennessee. Her discharge diagnosis included toxic metabolic myopathy causing quadriparesis, aspiration pneumonia, acute respiratory failure requiring ventilation support and renal failure. Plaintiffs aver that Teresa Norris was also suffering from liver failure.

17. Teresa Norris spent nearly a month at Select Specialty Hospital where she continued to be treated for respiratory failure and pneumonia. While at Select Specialty Hospital she was weaned from the ventilator. On August 30, 2011 she was transferred to Valley Care Nursing Home in Chilhowe, Virginia.

18. On October 3, 2011 she was admitted to JCMC from the nursing home and treated for sepsis and anemia. She was discharged from JCMC on October 10, 2011 and was transferred back to the nursing home.

19. Teresa Norris was hospitalized again at JCMC beginning on November 2, 2011 and treated for sepsis. She died at JCMC on November 12, 2011.

20. Plaintiffs allege that Dr. Lee and Dr. Jones and The Transplant Center were negligent and deviated from the recognized standards of acceptable professional practice regarding the treatment and follow up care for kidney transplant patients in Johnson City, Tennessee or in similar communities and, as a result, Teresa Norris suffered injuries, including death, which would not have otherwise occurred. They failed to properly prescribe and monitor Teresa Norris' medications. They failed to properly monitor her condition. They did not appropriately respond to her laboratory values. They did not make timely diagnoses.

21. On May 31, 2011 Dr. Lee prescribed Cyclosporine to Teresa Norris. He did not discontinue Crestor or reduce her Crestor dosage. He did not warn Teresa Norris of the potential side effects of a drug interaction between Crestor and Cyclosporine. This was negligent.

22. Dr. Jones knew that Teresa Norris had been prescribed Cyclosporine and he also knew, or should have known, that Crestor was not discontinued or that the dosage was not reduced when she was placed on Cyclosporine. Dr. Jones also failed to discontinue Crestor or reduce the dosage. Dr. Jones was also negligent.

23. Teresa Norris was first prescribed Leflunomide on December 18, 2009. Dr. Lee and Dr. Jones both prescribed Leflunomide and/or were aware that Teresa Norris was receiving Leflunomide. This drug was not stopped until Teresa Norris was hospitalized at JCMC

beginning on June 22, 2011. It was negligent to continue to prescribe Leflunomide or at least to not reduce its dosage.

24. Dr. Jones and Dr. Lee both used Cidofovir multiple times to treat Teresa Norris' BK virus despite the fact that the use of this drug did not appear to affect viral levels. This was also negligent.

25. Dr. Lee and Dr. Jones were also negligent for failing to make a sufficient effort to lower Teresa Norris' overall immunosuppression.

26. Following her admission to the hospital in June, 2011 Dr. Lee and Dr. Jones continued to have a duty to care for and treat Teresa Norris even though she was in the hospital. Dr. Lee and Dr. Jones were physicians who worked for or were affiliated with The Transplant Center and Teresa Norris was a patient of The Transplant Center.

27. Dr. Lee and Dr. Jones were negligent and failed to properly treat and care for Teresa Norris when she was in the hospital in the summer and fall of 2011. Their negligence includes, but is not limited to, failure to perform or request a renal biopsy, failure to properly monitor her levels of immunosuppressive drugs and other drugs, failure to fully investigate the cause or causes of her infections and failure to evaluate the reason for her elevated troponin levels in June and July, 2011.

28. As a result of the negligence of Dr. Lee and Dr. Jones described above in paragraphs 20-27 Teresa Norris suffered from liver damage, kidney damage, rhabdomyolysis and muscle damage. She also suffered from a multitude of complications caused by or related to the liver damage, kidney damage, rhabdomyolysis and muscle damage. She died as a result of one or more of these conditions and/or complications These injuries and complications required the hospitalizations and the nursing home care that is referred to above.

29. Neither Teresa Norris nor any of the Plaintiffs herein discovered or learned about any possible reason for her injuries or illness until late June, 2011, a few days following Teresa Norris' admission to JCMC.

30. It was not until August or September, 2011 that Plaintiffs and Teresa Norris first learned or suspected that prescribing Cyclosporine without reducing or discontinuing Crestor was improper and potentially negligent. Plaintiffs and Teresa Norris had no knowledge or information, nor any reason to believe or suspect, that any other care or treatment by the Defendants herein or by any other medical providers was improper or potentially negligent until late September or early October, 2012.

31. As a result of the negligence of the Defendants Teresa Norris suffered catastrophic injuries and damages during the last few months of her life. She suffered great pain and emotional distress beginning in June, 2011 and lasting until her death. She incurred extraordinary medical expenses. She suffered a loss of her ability to enjoy life.

32. Plaintiffs aver that they are entitled to recover damages from the Defendants for their mother's pain and suffering, her medical expenses and her loss of enjoyment of life. Plaintiffs also aver that they are entitled to recover additional damages for their mother's wrongful death including funeral expenses and the pecuniary value of their mother's life including, but not limited to, the loss of her love, affection, society, advice, counsel and companionship that they and their brother, John Norris, have suffered.

33. At all times material to this case Dr. Lee and Dr. Jones were agents or employees of Blue Ridge and were acting within the scope of their employment with respect to their medical treatment of Teresa Norris.

34. Plaintiffs further aver that Dr. Lee and Dr. Jones were also actual or apparent agents or employees of MSHA d/b/a/ The Transplant Center and were acting within their actual or apparent authority as agents or employees when they rendered medical treatment to Teresa Norris.

35. Blue Ridge and MSHA are vicariously liable for the negligence of Dr. Lee and Dr. Jones.

36. Plaintiffs aver that The Transplant Center was owned by MSHA. On information and belief, Plaintiffs aver that MSHA, Blue Ridge, Dr. Jones and Dr. Lee were all engaged in a joint venture to operate The Transplant Center. Each of these Defendants had a common interest and purpose and right of control with respect to The Transplant Center. Each of these Defendants derived a mutual benefit from the operation of the joint venture. Each of these Defendants stood in the

relation of principal, as well as agent, as to each of the other co-adventurers and, therefore, each is liable to the Plaintiffs for the negligent acts of the others.

WHEREFORE, Plaintiffs request judgment against the Defendants in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000) plus Teresa Norris' medical expenses and funeral expenses. The Plaintiffs request their costs including discretionary costs. Plaintiffs request a jury.

**RESPECTFULLY SUBMITTED,**

**TINA NORRIS, MELISSA BLEVINS and APRIL YARBER, surviving children and next kin of TERESA NORRIS; and APRIL YARBER Administrator of the Estate of Teresa Norris**

BY: _____
    John S. Bingham, Esq., BPR6263

Attorney for Plaintiffs

**HAWKINS BINGHAM & MILLER, PC
1397 E. Center Street
Kingsport, TN 37664**

**423-246-9100 telephone
423-246-9282 facsimile**